# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL BOYER** | : | **NO. 22-429-1** |

## MEMORANDUM

**Savage, J.**                                                                                         **October 19, 2023**

After a jury found him guilty of carjacking in violation of 18 U.S.C. § 2119, defendant Michael Boyer moves for judgment of acquittal under Fed. R. Crim. P. 29. He argues that the evidence was insufficient to prove that he had the specific intent to cause death or serious bodily harm – a necessary element of the crime.[1]

Viewing the evidence in the light most favorable to the government and determining that a rational juror could have found beyond a reasonable doubt that the defendant had the intent to cause death or serious bodily injury, we shall deny the motion.

The evidence at trial relevant to the issue before us was as follows. After socializing with the victim and his friends, the defendant and his co-defendant decided to rob them. They went to the victim's car and the defendant pointed a BB gun at the victim and demanded that he turn the car over to him. When the victim asked if he was "really doing this," the defendant warned him that he was. When the victim's friend in the back seat reached for his bag, the defendant pointed the gun at him and threatened, "[d]o you

---

[1] The elements of carjacking are (1) the defendant took the motor vehicle described in the indictment from the person or the presence of another; (2) the defendant used force and violence or intimidation while taking it; (3) the defendant acted with intent to cause death or serious bodily harm while taking it; and (4) the motor vehicle had been transported, shipped, or received in interstate or foreign commerce. 18 U.S.C. § 2119.

wanna get shot?" He ordered the victim and his friend out of the car. The defendant and his co-defendant then rode off in the car.

At the outset, we observe that it is important not to conflate the intent element with the use of force and violence or intimidation element. Although the facts establishing each may overlap, the intent element is not necessarily proven by facts proving the force and violence or intimidation element. Thus, proving that the defendant took the vehicle by force and violence or intimidation does not prove that he had the specific intent to cause death or serious bodily injury if necessary to gain possession of the vehicle.

In *Holloway v. United States*, 526 U.S. 1 (1999), the Supreme Court held that the government satisfies the specific intent element by proving that "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car.)" *Id*. at 12. The Court, recognizing the distinction between conditional and unconditional intent, concluded that either was sufficient. *Id*. at 9. The Court explained that it was not necessary for the government to prove that the defendant carried out his intent, but only that he intended to do so if his demand was not met. In other words, conditional intent is sufficient.

A defendant's state of mind at a given time often cannot be proven directly. It may be proven indirectly from the surrounding circumstances. Thus, the jury may consider evidence of what the defendant said, what he did, and all the other circumstances that tend to show what his state of mind was at the time. *Sandstrom v. Montana*, 442 U.S. 510 (1979); *United States v. United States Gypsum Co.*, 438 U.S. 422, 446 (1978).

With respect to the intent element, we instructed the jury as follows:

> The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to cause death or serious bodily harm.
> Evidence that the defendant intended to frighten the victim is not alone sufficient itself to prove an intent to harm or kill. To establish this element, the government must prove that when the defendant demanded or took control of the vehicle, he possessed the specific intent to seriously harm or kill the driver if necessary to take the car. The defendant's intent to cause serious bodily harm to the victim must bear a reasonable connection to the taking of the vehicle.
> It is not enough for the government to prove that the defendant took control of the car by force and violence or intimidation from the person or presence of another. The government must prove beyond a reasonable doubt that the defendant had the specific intent at that moment to seriously harm or kill the person if such action had been necessary to complete taking the car. You must look at all the surrounding facts and circumstances in determining whether the government has proven beyond a reasonable doubt that the defendant had the specific intent to kill or seriously injure the person from whom the car was taken.

That the defendant used a BB gun does not preclude his having the specific intent to kill or seriously harm the victim. He may have thought the gun was capable of doing either. Indeed, he could have used it to shoot the victim in the face or pistol-whip him.

Even the use of an unloaded gun is sufficient to support, with other evidence, a finding of specific intent. *United States v. Fekete*, 535 F.3d 471, 480 (6th Cir. 2008). In *Fekete*, the Sixth Circuit stated: "a lack of proof beyond a reasonable doubt that a gun was loaded, therefore, does not foreclose the possibility that (1) the defendant, nonetheless, had the requisite conditional intent to cause death or serious bodily harm by other means (e.g., pistol-whipping or brute force), or (2) the weapon was fully loaded." *Id*.

- 4 -

We conclude there was sufficient evidence from which a reasonable jury could find that the defendant intended to seriously harm or kill the owner or the other occupant of the car if the owner had not yielded to his demand to turn over the car. Therefore, we shall deny the motion for acquittal.