**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL BOYER** | : | **NO. 22-429-1** |

**MEMORANDUM**

**Savage, J.** **September 1, 2026**

A jury convicted Michael Boyer of a single count of carjacking in violation of 18 U.S.C. § 2119. He was sentenced to the mandatory minimum prison term of ten years. On appeal, his conviction was affirmed. He now seeks relief under 28 U.S.C. § 2255.

Boyer contends that the carjacking statute is unconstitutional, his case was improperly removed from the state court, and that this Court had no jurisdiction. He did not raise these issues in his appeal.

After considering his motion and arguments, we conclude the issues he now presents are procedurally defaulted. And, if they were not, they are meritless. Further, we hold that his claim that counsel was ineffective for not raising these same issues on appeal fails because counsel had no obligation to raise meritless claims.

***Procedural Default***

Unless the issue was raised on direct appeal, it may not be raised in a § 2255 habeas motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A § 2255 motion is not a substitute for appeal. *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Boyer did not raise the issues he does in his motion on direct appeal. He cannot do so now.

Procedural default may be excused only for a showing of cause and actual prejudice. *United States v. Mannino*, 212 F. 3d. 835, 839 (3d Cir. 2000). As cause, Boyer offers his attorney's ineffectiveness in failing to raise these issues on appeal. As we will see, Boyer's claims have no merit. And counsel cannot be ineffective for ailing to raise a meritless issue on appeal. *Id.* at 840.

### ***Meritless Claims***

Boyer argues "the Court was without general felony criminal jurisdiction over the place at the time of the felony." He adds, "the indictment did not charge a crime and offense cognizable under the authority of the United States."

The indictment charged Boyer with a federal crime: violation of the federal carjacking statute, 28 U.S.C. § 2119. The statute was enacted by Congress and has been held constitutional. Although it is not clear, Boyer may be making a venue argument when he claims a lack of "jurisdiction over the place at the time of the felony." If so, he is wrong. As required, the offense was prosecuted in the district where it was committed. Fed. R. Crim. P. 18. The carjacking took place in Philadelphia which is in the Eastern District of Pennsylvania where it was later prosecuted.

Boyer erroneously states his case was removed from state court in violation of his due process rights. His case was not removed. The state charges arising out of the same carjacking were withdrawn after Boyer was charged in federal court. Conduct arising from the same circumstances may violate state criminal statutes and federal criminal statutes. When they do, the defendant may be prosecuted by both the state and the federal governments. *Gamble v. United States*, 587 U.S. 678, 681 (2019). Thus, there was no

prohibition against Pennsylvania and the United States both prosecuting Boyer for violation of their respective criminal laws.

Contrary to Boyer's contention, the carjacking statute is not unconstitutional. In *United States v. Bishop*, 66 F. 3d 569, 590 (3d Cir. 1995), the Third Circuit held that Congress had the authority under the Commerce Clause to criminalize activities affecting motor vehicles such as carjacking. Thus, the carjacking statute is constitutional.